ANNE C. WRIGHT, of Baltimore City, in the State of
Maryland,

*vs.*

MORTGAGE GUARANTEE COMPANY, a corporation of the
State of Delaware.

ANNE ELIZABETH MAHAN, of Cecil County, in the
State of Maryland,

*vs.*

MORTGAGE GUARANTEE COMPANY, a corporation of the
State of Delaware.

*New Castle, Aug. 4, 1934.*

*Arthur G. Logan* and *Josiah Marvel, Jr.,* of the firm
of Marvel, Morford, Ward & Logan, and *Eben Perkins* and
*Clarence W. Perkins,* both of Baltimore, Md., for complainants.

*Clarence A. Southerland,* of the firm of Ward & Gray,
and *Clarence A. Tucker,* of the firm of Knapp, Tucker &
Thomas, of Baltimore, Md., for defendant.

THE CHANCELLOR: In this case the defendant corporation is admitted to be insolvent. The only question is whether the facts are such that the Chancellor should exercise the discretion conferred upon him by the statute (*Revised Code* 1915, § 3883) and appoint a receiver.

The defendant was engaged in the business of purchasing real estate mortgages and selling certificates of participation therein. In the case of each mortgage in which participation certificates were issued and sold, the defendant guaranteed the principal and interest. The mortgages outstanding as of January 31, 1934, which the defendant had guaranteed, amount to $20,719,739.41. The majority of the mortgages in both number and amount are upon properties located in the State of Maryland, in which State the defendant has its principal office and place of business.

When the defendant was faced with a situation of insolvency, it undertook to formulate a readjustment plan for the purpose of enabling its affairs to be liquidated with the least possible loss to its certificate holders. The plan was assented to by holders of ninety-four per cent. in amount of the outstanding certificates. Anne Elizabeth Mahan, the complainant in one of the above stated cases, assented to the readjustment plan and granted the extension of time for payment in said plan provided. She does not appear to me to be in a position to ask that a receiver be appointed because of the undesirability of the plan.

Under the law of the State of Maryland, where most of the real estate is located upon which the outstanding mortgages are liens, power is given to the Insurance Commissioner of that State at any time to apply for a receiver for an insurance company. Under the definition of the Maryland statute, the defendant is such a company. The Insurance Commissioner of the State of Maryland, however, has deemed it best not to make application for the appointment of a receiver in that State, as a means of

liquidation of the defendant's assets there located. He is permitting the liquidation of the company to proceed under the administration of its present officers. He is, in his official capacity, supervising the process of liquidation, and it appears to be proceeding in an orderly way and in a fashion best calculated to yield the most beneficial results for certificate holders. The costs of the liquidating operation are considerably below what it had cost to operate the company prior to the intervention of the regulating supervision of the Insurance Commissioner of Maryland.

As a result of the manner in which the company's affairs are now being conducted, foreclosure suits have not been urged and creditors with the exception of the complainants in these two causes appear to be entirely satisfied with the manner in which the affairs of the company are being gradually wound up. It appears to me that if I were to appoint a receiver I would throw into utter confusion the present orderly and apparently beneficial administration of the company's affairs. The likelihood is, if a receiver were appointed in this jurisdiction, creditors whose interests are now being amply looked after would be alarmed by the appointment, and the result in all probability would be that there would be a stampede amongst them, each striving through foreclosure to protect himself against the others and to reach whatever advantage might be thought to be gained through speedy suits.

There does not appear to be any discrimination as between creditors in the conduct of the company's operations under the guidance and supervision of the Insurance Commissioner of Maryland. This is as would be expected. I can see no justification for this court by the appointment of a receiver to disrupt the present plan under which the company's affairs are being administered. Those who are now in charge of the administration are entirely separate and distinct from the directors and officers who were in charge of the company's management during the period

when its condition of insolvency developed. The present personnel was not associated with the transactions that took place and against which a large part of the testimony is directed. So far as I can see, the present management under the supervision of the Insurance Commissioner of Maryland is as disinterested in the impartial and equitable administration of the company's assets as would be a receiver appointed by this court, or any ancillary receivers appointed in aid of receivers named by this court. The only thing apparently that would result from the appointment of a receiver here and elsewhere for this company and its assets, would be to add costs and expenses additional to those incurred in the process of liquidation now in operation. Such receivers would by force of circumstances be required to carry on just about as the present officers under the direction of the Insurance Commissioner are carrying on.

In view of the foregoing, I think notwithstanding the insolvency of the company, a receiver should not be appointed. The bills will, therefore, be dismissed.

Decree accordingly.